## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OLGA GALLEGOS and THOMAS J. HORNE,
as co-personal representatives of the Estate of
Ronald G. Jacquez, Jr.; OLGA GALLEGOS,
Individually; and ANASTASIA GALLEGOS
ORTEGA, Individually,

        **Plaintiffs,**

vs.                                                          **No. CIV 08-0014 RB/LFG**

UNITED STATES OF AMERICA,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Strike (Doc. 39), filed on

September 2, 2008. Jurisdiction arises under 28 U.S.C. § 1346(b)(1). Having considered the

submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that

this motion should be granted in part and denied in part, as described herein.

**I.      Background.**

Ronald G. Jacquez, Jr. died on July 22, 2005, when he was struck by a dead tree which fell

on his tent while he was camping with family and friends at Box Canyon Recreation Area of the

Gila National Forest near Cliff, New Mexico. Plaintiffs brought this action under the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, 2674, for the wrongful death of Mr. Jacquez.

Plaintiffs claim that the incident occurred in a developed campsite and the tree was a "hazard tree"

that should have been removed, warning signs posted, or the area closed to camping. Defendant

maintains that the incident occurred outside a developed recreation area and the discretionary

function exception to the FTCA, 28 U.S.C. § 2680(a), applies, and therefore, the Court does not have

jurisdiction over the claims made by Plaintiffs because there is no waiver of sovereign immunity.

On July 25, 2008, Defendant identified two of its employees as expert witnesses: (1) Russell Ward, the District Ranger of the Silver City Ranger District of the Gila National Forest; and (2) David Warnack, Forestry Technician for the Silver City Ranger District.  Defense counsel indicated that these individuals are primarily fact witnesses, but each is knowledgeable about the policies and procedures for the management of national forests in general, and, in particular, the determination of what portions of those lands were subject to the evaluation, management and removal of trees.

On August 5, 2008, Defendant identified Terry Rogers, a Forest Service employee, as an additional expert.  Mr. Rogers is an Entomologist for the Southwest Regional Office of the Forest Service who provides technical assistance to federal forest land managers relating to insect and disease detection, evaluation and suppression, including hazard tree detection and management training.  On July 31, 2008, Mr. Rogers visited the site of the incident and is prepared to testify about his observations, as well as whether the incident occurred within the recreation area and whether Defendant's employees acted appropriately with regard to the management of the site.

No reports were provided as these individuals are government employees and do not regularly give expert testimony.  *See* Fed. R. Civ. P. 26(a)(2)(B).

In their motion to strike, Plaintiffs assert that (1) Defendant does not need expert testimony concerning the policies and procedures of the Forest Service because those policies are contained in the Forest Service Manual (herein "FSM"); and (2) the testimony of the three experts is cumulative.  Defendant responds that Forest Service personnel are charged with interpreting and applying the policies and the testimony is not duplicative.

## II.  Discussion.

"[T]he Federal Rules of Evidence assign to the district court the job of deciding whether an individual is sufficiently qualified to testify as an expert, by virtue of training and experience and

based on the facts and circumstances of each case . . . ." *Watson v. United States*, 485 F.3d 1100,

1105 (10th Cir. 2007) (citing Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579,

589-95 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999)). The Tenth Circuit

reviews the district court's determination on whether to admit or exclude expert testimony under the

abuse of discretion standard. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004).

Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The court first must determine whether the proposed expert witness has "specialized

knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in

issue." *Id.* Expert testimony that describes what the law is or directs the finder of fact how to apply

law to facts does not "assist the trier of fact to understand the evidence or to determine a fact in

issue." *See* Fed. R. Evid. 702.

Expert testimony that amounts to an opinion of law is particularly disfavored:

> A witness cannot be allowed to give an opinion on a question of law. . . .  In order to justify having courts resolve disputes between litigants, it must be posited as an a priori assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge. . . .  To allow anyone other than the judge to state the law would violate the basic concept.

*Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988) (reversing trial court's admission of expert

testimony on legal issues at trial).  As the Seventh Circuit explained, "[t]he meaning of federal

regulations is not a question of fact, to be resolved by the jury after a battle of experts.  It is a question of law, to be resolved by the court." *Bammerlin v. Navistar Intern. Transp. Corp.*, 30 F.3d 898, (7th Cir. 1994).

   While the FSM does not have the force and effect of law, *see Western Radio Servs. Co., Inc. v. Espy*, 79 F.3d 896, 901 (9th Cir. 1996) and *Stone Forest Indus. v. United States*, 973 F.2d 1548, 1551 (Fed. Cir. 1992), the FSM serves as "the primary source of administrative direction to Forest Service employees." 36 C.F.R. § 200.4(b).  Since the interpretation of the policies contained in the FSM will affect the outcome of this case, *see Duke v. Dep't of Agric.*, 131 F.3d 1407 (10th Cir. 1997), the meaning of the policies at issue are, in some respects, akin to questions of law.

   During the deposition of Mr. Ward, when asked if he had formed any opinions which he intended to offer at the time of trial, defense counsel noted:

> Just for the record, Mr. Ward has been identified as an expert insofar as, as an employee of the Forest Service, he can testify to the policies and procedures of the Forest Service in managing Forest Service lands. That's the primary reason he has been identified. And it would also go to other issues raised in your expert report having to do with whether or not there's a Forest Service policy to warn people every time they enter the general forest as to the fact that there are dead trees, as to the feasibility of warnings, and those kinds of things.

(Doc. 43.)

   A similar comment was made during the course of Mr. Warnack's deposition, when defense counsel stated:

> I'll make the same statement I made in Mr. Ward's deposition. He is, has been identified, and he is an employee of the Forest Service, and insofar as he--if the court deems it to be "expert testimony," he will be testifying about his understanding of Forest Service policies concerning the general forest and the maintenance of developed recreation sites, whether or not this incident occurred on a developed recreation site or in the general forest area, and similar things, and again, in rebuttal to your expert report. So it would be in the same general area.

(*Id.*)

4

It appears that the proffered "expert testimony" in question is comprised of a mixture of fact and opinion.  The distinction between the two is fine, yet critical to the analysis. As Forest Service employees, the witnesses have factual knowledge on their understanding of the policies and the implementation of the policies by the Forest Service.  Testimony concerning such knowledge is not objectionable.  However, to the extent that Defendant proffers these witnesses to espouse legal opinions on the impact of the written policies contained in the FSM to the facts of this case, such opinion testimony will be disregarded by the Court in the summary judgment analysis.  Opinion testimony on legal issues, if offered at the non-jury trial, would be deemed inadmissible.  Defendant may call Mr. Ward, Mr. Warnack, and Mr. Rogers to testify as to their understanding of the policies and the implementation of the policies by the Forest Service.

Plaintiffs also object to the testimony of the three witnesses as cumulative.  Review of the record indicates that each witness offers a unique perspective on the facts of this case.  Mr. Ward is charged with the overall administration and management of the Silver City Ranger District.  Mr. Warnack is primarily responsible for the day-to-day operations of the recreation sites, including hazard tree inspection.  Mr. Rogers trains Forest Service employees in hazard tree detection and mitigation.  In sum, the testimony of the three witnesses is not cumulative.  Plaintiffs' objection on this basis is overruled.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Strike (Doc. 39), filed on September 2, 2008, is **GRANTED IN PART AND DENIED IN PART, AS DESCRIBED HEREIN.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

5